THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DAVID S. SARGENT                         )
                                          )         CIVIL ACTION NO.
                    Plaintiff,            )
                                          )
          v.                              )
                                          )
VERIZON SERVICES                          )
CORPORATION.,                             )
                                          )
                    Defendant.            )

## NOTICE OF REMOVAL

TO:    United States District Court
       for the District of New Hampshire

       Defendant Verizon Services Corporation ("Defendant") by its undersigned counsel,

Duane Morris LLP, hereby removes this action from the Superior Court of the State of New

Hampshire, Stafford County, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  In support

thereof, Defendant states as follows:

       1.      Plaintiff David S. Sargent ("Plaintiff") commenced this action on or about August

28, 2009 in the Superior Court of the State of New Hampshire, Stafford County, by filing a Writ

of Summons and Declaration.

       2.      On or about August 31, 2009, Defendant was served with the Writ of Summons

and Declaration in the above matter.  In accordance with 28 U.S.C. § 1446(a), copies of the Writ

of Summons and Declaration are attached hereto as Exhibit A.

       3.      The Writ of Summons and Declaration constitute all process, pleadings and orders

served upon the Defendant in this action.

       4.      In Count I of the Declaration Plaintiff alleges breach of a Separation Agreement

and demands specific performance under an employee benefit plan sponsored by Defendant.  In

Count II of the Declaration, Plaintiff alleges negligent misrepresentation.  In Count III of the

Declaration, Plaintiff alleges violation of the New Hampshire State Wage Statute.  In Court IV of

the Declaration, Plaintiff seeks enhanced compensatory damages.  In Count V of the Declaration,

Plaintiff alleges unfair business practices.  In Count VI of the Declaration, Plaintiff seeks

attorneys' fees.

5.      While not explicit, the claims asserted against the Defendant clearly arise under a

"employee benefit plan" governed by the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. §1001, *et seq*.  Thus federal question jurisdiction applies.  *See* 29 U.S.C.

§ 1132(e) and (f).

6.      Removal is also proper under the doctrine of field preemption, regardless of

whether claims are expressly brought under a federal statute: "Congress may so completely pre-

empt a particular area that any civil complaint raising this select group of claims is necessarily

federal in character."  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding

that plaintiff's state law claims for compensatory damages were preempted by ERISA and

properly removed under 28 U.S.C. § 1441(b)).

7.      The Writ of Summons and Declaration, despite what they purport to assert, set

forth causes of action for the wrongful denial of benefits based on the terms of an employee

benefit plan governed by ERISA.  Therefore, the Writ of Summons and Declaration are properly

removed because they seek to enforce a claim or right arising under ERISA.  *See* 28 U.S.C.

§1441(b); 29 U.S.C. §1132; and 28 U.S.C. §1331.

8.      Further, the United States District Court for the District of New Hampshire has

"diversity" jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Removal is proper under 28

U.S.C. § 1441(b) because:

2

(a)      Upon information and belief, Plaintiff is a citizen of the State of New Hampshire. Plaintiff pleads in his Declaration that he has "at all relevant times been a citizen of New Hampshire." (Declaration at Count I).

(b)      Defendant is a Delaware corporation with its principal place of business in Virginia.  Because Plaintiff is a citizen of New Hampshire and Defendant is a Delaware corporation, complete diversity exists between Plaintiff and Defendant.

(c)      In his Declaration, Plaintiff alleges that Defendant failed to abide by the terms of a Separation Agreement and provide him with a payment of  0.  Plaintiff also seeks loss of income and enhanced compensatory damages, triple damages, an award of attorneys' fees, and reimbursement of his costs of litigation.  (Declaration at Counts III, IV, V and VI).  Plaintiff has placed no limitation on his prayer for relief.  Thus, upon information and belief, the alleged amount in controversy in this case exceeds $75,000.

9.      Based on the various types of damages and costs that Plaintiff seeks with his Writ of Summons and Declaration, as well as the number and variety of claims that he has asserted, it is apparent that the alleged amount in controversy exceeds the minimum jurisdictional amount required under 28 U.S.C. § 1332.   In addition, First Circuit precedent makes clear that a plaintiff's request for attorneys' fees can be considered in determining whether the amount in controversy has been satisfied under two circumstances:  (1) where the fees are provided for by contract and (2) where a statute mandates or allows the payment of such fees.  *See Department of Recreation and Sports of Puerto Rico v. World Boxing Assoc.*, 942 F.2d 84, 89-90 (1st Cir. 1991); *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

10.      Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which this action is based.

3

11.     Venue is proper in the United States District Court for the District of New Hampshire under 28 U.S.C. 1391 because the Writ of Summons and Declaration were filed in the Superior Court of the State of New Hampshire, Stafford County.

12.     Defendant is filing a copy of this notice with the Superior Court of the State of New Hampshire, Stafford County, as required by 28 U.S.C. § 1446(d).

13.     In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

14.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1446.  The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available, including Exhibit A hereto.

15.     Based on the foregoing, Defendant has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332 and 29 U.S.C. §1132, and that this action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

DM1\1885382.1

WHEREFORE, Defendant Verizon Services Corporation respectfully requests that this action, currently pending in the Superior Court of the State of New Hampshire, Stafford County be removed to the United States District Court for the District of New Hampshire.


DATED:  September 10, 2009                    Respectfully submitted,


                                             /s/ Bronwyn L. Roberts
                                             Bronwyn L. Roberts (#17157)
                                             DUANE MORRIS LLP
                                             470 Atlantic Avenue
                                             Suite 500
                                             Boston, MA  02210
                                             857.488.4200 (telephone)
                                             857.401.3019 (facsimile)
                                             blroberts@duanemorris.com
                                             (Petition pending)


## CERTIFICATE OF SERVICE

I, Bronwyn L. Roberts, Esquire, hereby certify that on this 10 day of September, 2009, a true and correct copy of the foregoing Notice of Removal was served via first class mail, postage prepaid upon counsel of record as follows:

        David P. Slawsky, Esquire
        Nixon, Raiche, Vogelman, Barney & Slawsky, P.A.
        77 Central Street
        Manchester, NH  03101


                                             /s/ Bronwyn L. Roberts
                                             Bronwyn L. Roberts

DM1\1885382.1

# EXHIBIT A

# The State of New Hampshire

## SUPERIOR COURT

STRAFFORD COUNTY

(    ) COURT
( X ) JURY

## WRIT OF SUMMONS

| | | |
|---|---|---|
| **David S. Sargent**<br>**9 Cherokee Street**<br>**Dover, NH 03820** | v. | **Verizon Services Corp.**<br>**1310 North Court House Rd.**<br>**Arlington, VA 22201** |

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of _____ **October** _____,
_____ **2009** _____ .
YEAR                                  MONTH

The PLAINTIFF(S) state(s):

See attached Declaration.

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.

**David S. Sargent**                             8/28/09
INDORSER (sign and print name)                 DATE OF WRIT

### NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. **You do not have to physically appear** in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, Robert J. Lynn, Chief Justice, Superior Court.

_Julie W. Howard_
Julie W. Howard, Clerk
NH Superior Court Strafford County
County Farm Road  PO Box 799
Dover NH 03821-0799
(603) 742-3065

SIGNATURE OF PLAINTIFF/ATTORNEY David. P. Slawsky (#6591)

Nixon, Raiche, Vogelman, Barry & Slawsky, P.A.
PRINTED/TYPED NAME

77 Central Street
ADDRESS

Manchester, NH 03101      /603-669-7070
                                       PHONE

213-003-7

*Sargent v. Verizon*
Strafford County Superior Court
Declaration

## COUNT I
### Breach of Contract/Specific Performance

IN A PLEA OF ASSUMPSIT, for that the plaintiff, David S. Sargent, 9 Cherokee Street, Dover, NH 03820, has at all relevant times been a citizen of New Hampshire; that the defendant, Verizon Services Corporation is a Delaware corporation with a principal office at 1310 North Court House Road, Arlington, Virginia 22201, and a registered agent in New Hampshire identified in the 2009 Annual Report filed with the New Hampshire Secretary of State as CT Corporation System, 9 Capitol Street, Concord, New Hampshire 03301; that at all relevant times, defendant Verizon Services Corporation has done substantial business in this State sufficient to establish jurisdiction in this Court; that plaintiff David S. Sargent was employed by Verizon for twenty-nine-and-one-half (29 ½) years; that on or about November 29, 2007, Mr. Sargent was notified of a reduction in force ("RIF") that would result in his termination effective December 28, 2007; that Verizon offered Mr. Sargent a severance benefit that would provide him with a single payment of $76,913.20; that Verizon notified Mr. Sargent that he would qualify for the severance payment by executing the Separation Agreement the company provided, and transmitting it by fax to the company; that Mr. Sargent executed the Separation Agreement as directed, and he faxed it to the Company on December 3, 2007, as directed; that on December 6, 2007, Verizon sent written acknowledgment that it had received the executed Separation Agreement; that the Separation Agreement (copy attached) provided in relevant part at paragraph 17 that, "This Release is the entire agreement between the Company and me"; that the Separation Agreement also stated, also at paragraph 17 that, "It is not necessary that the Company sign this Release for it to become binding on both me and the Company"; that despite this binding agreement, Verizon has failed and refused to honor its obligations in this regard; ALL TO THE DAMAGE of the Plaintiff, as he says, in the maximum amount applicable, pursuant to the Constitution and statutory and common laws of the State of New Hampshire, as well as the jurisdiction of this Honorable Court.

## COUNT II
### Negligent Misrepresentation

IN A PLEA OF THE CASE, for that the allegations set forth in Count I above are reasserted herein as if set forth separately in this Count; that defendant Verizon Services Corporation notified Mr. Sargent that, despite the clear language of the Separation Agreement it provided, Mr. Sargent was not in fact eligible for the benefits set forth in that agreement; that if Verizon's statements in that regard are properly considered to be negligent misrepresentations, such misrepresentations were made for the purpose of inducing Mr. Sargent to voluntarily quit his job, and to execute the Separation Agreement and Release, such misrepresentations were material to the transaction, such misrepresentations were not true, Mr. Sargent relied on the misrepresentations to execute the Separation Agreement and Release, locate new employment, and retire from Verizon after almost 30 years of continuous employment, and as a direct and proximate result, plaintiff David Sargent suffered damages including but not limited to the loss of the promised payment for execution of the Separation Agreement and Release, loss of income

resulting from his inability to start the job with FairPoint Communication on January 1, 2008, as planned due to the insistence of Verizon to rescind the RIF and enforce a non-compete agreement;   ALL TO THE DAMAGE of the Plaintiff, as he says, in the maximum amount applicable, pursuant to the Constitution and statutory and common laws of the State of New Hampshire, as well as the jurisdiction of this Honorable Court.

### COUNT III
RSA 275
State wage statute

IN A PLEA OF THE LAW, for that the allegations set forth in Counts I and II are reasserted herein as if set forth separately in this Count; that the payment promised by Verizon to plaintiff David Sargent as described herein is "wages" as that term is applied at RSA 275:42, III; that the failure and refusal of Verizon to make that payment within 72 hours after Mr. Sargent was separated from the Verizon payroll violated RSA 275:44 and 48; and that the conduct of Verizon as described herein subjects the defendant to all remedies set forth at RSA 275, including but not limited to the payment of the amount promised, plus liquidated damages, costs and attorney's fees; ALL TO THE DAMAGE of the Plaintiff, as he says, in the maximum amount applicable, pursuant to the Constitution and statutory and common laws of the State of New Hampshire, as well as the jurisdiction of this Honorable Court.

### COUNT IV
Enhanced compensatory damages

IN A PLEA OF THE CASE, for that the allegations set forth in Counts I, II and III above are reasserted herein as if set forth separately in this Count; that the conduct of Verizon Services Corporation in this regard was wanton, malicious or oppressive, thereby entitling Mr. Sargent to enhanced compensatory damages reflect the circumstances involved; ALL TO THE DAMAGE of the Plaintiff, as he says, in the maximum amount applicable, pursuant to the Constitution and statutory and common laws of the State of New Hampshire, as well as the jurisdiction of this Honorable Court.

### Count V
Unfair Business Practices
RSA 358-A

IN A PLEA OF THE LAW, for that the allegations set forth in Counts I through IV above are reasserted herein as if set forth separately in this Count; that the conduct of Verizon Services Corporation, as described hereinabove was unfair and deceptive; that the conduct of Verizon Services Corporation in this regard was willful and knowing; that Verizon Services Corporation is subject to the remedies and penalties set forth at RSA 358-A:10, including equitable relief, up to three times the actual damages incurred by Mr. Sargent, plus costs of this action and attorney's fees; ALL TO THE DAMAGE of the plaintiff, as he says, in the maximum amount applicable, pursuant to the Constitution and statutory and common laws of the State of New Hampshire, as well as the jurisdiction of this Honorable Court.

## **COUNT VI**
Attorney's Fees

IN A PLEA OF THE CASE, for that the allegations set forth in Counts I  through V above are reasserted herein as if set forth separately in this Count; that the right asserted by David Sargent to the payment promised by Verizon in the Separation Agreement it drafted was clearly defined and established; that such right should have been freely enjoyed as promised; that the common law of New Hampshire under these circumstances requires an award of counsel fees incurred by David Sargent, *Harkeem v. Adams*, 117 N.H. 687 (1977), in challenging the bad faith refusal of Verizon to honor the promise it made to pay him $76,913.20 in the Separation Agreement.

STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY                                    SUPERIOR COURT

Docket No. _____

David S. Sargent

v.

Verizon Services Corporation

## ACCEPTANCE OF SERVICE OF WRIT OF SUMMONS

    I, Bronwyn L. Roberts, Esquire, hereby accept service of the Writ of Summons, waiving any and all formal requirements with respect to service.

_____
Date

_____
Bronwyn L. Roberts, Esq.
Duane Morris, LLP
470 Atlantic Ave., Suite 500
Boston, MA 02210-2600
(857) 488-4218

# SEPARATION AGREEMENT AND RELEASE

DAVID S. SARGENT

I, DAVID S. SARGENT, on behalf of myself, my heirs, executors, administrators, representatives, successors and assigns, UNDERSTAND AND AGREE THAT:

1.  I am leaving the employment of **Verizon Services Corp.** (the "Company") effective **December 28, 2007** because of a Reduction in Force ("RIF"). The Company and all affiliated companies, and their parents, subsidiaries, predecessors, successors and assigns, are referred to in this document as Verizon.

2.  I am voluntarily signing this document (the "Release"), which governs the terms of my separation from employment with the Company. My signature is in exchange for a cash separation payment in the amount of **$76,913.20** (less applicable withholding taxes) under the Verizon Severance Program for Management Employees (the "Severance Program").

    a.  I understand that if I breach the Release, I will not be entitled to the cash separation payment or other benefits under the Severance Program.

    b.  I further understand that to the extent I have received the cash separation payment or other benefits under the Severance Program; I will have to repay them to the Company if I breach the Release. However, this subparagraph does not apply to my pursuing a claim or claims under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

3.  I understand that I have forty-five (45) days from the date I received this Release or until my last day of active employment, whichever is later, to consider signing it. If I choose to sign the Release, I understand that I must transmit the signed Release in the manner directed by the Company by the end of this period. I also understand I can revoke this Release within seven (7) days of signing, and this Release will not become effective until the end of that seven (7) day period. If I revoke this Release, I will not receive the payment described in paragraph 2. If I decide to revoke this Release, I understand that I must do so by sending a written notice of revocation to Verizon HR HelpLine – RIF Administration, P.O Box 785047, Orlando, FL 32878-5047, or by faxing the written notice of revocation to 1-847-883-8245.

4.  I acknowledge that, before signing this Release, I have received:
    (a)  a copy of the Severance Program document or summary;
    (b)  written advice from the Company to consult with an attorney before signing this Release; and
    (c)  if I am part of a group separation, the information to which I am entitled under the Older Worker Benefit Protection Act, 29 U.S.C. Section 626(f), including: (i) a description of the class, unit or group of individuals covered by the group separation program, the eligibility factors for the program, and the time limits applicable to the program; and

---

(ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in my same job classification or organizational unit who are not eligible or selected for the program.

5.   In exchange for the payment and other benefits described in paragraph 2, I agree to the following:

(a)   I waive, release and forever give up any claim I may have against Verizon, and its present or former directors, officers, employees, agents, attorneys, employee benefit plans (including the Severance Program), fiduciaries, insurers and administrators of those plans, and the successors and assigns of all these persons and entities ("Releasees"). This Release applies only to claims based on any event that has occurred before I sign this Release. I am releasing and giving up claims I now know about and those I may not know about. This includes all obligations, claims, or causes of action of any kind, whether in tort, by contract or statute, or on any other basis, for equitable relief, compensatory, punitive or other damages, attorneys' fees, costs or expenses. This includes but is not limited to claims related to alleged discrimination on the basis of age, color, race, gender, sexual orientation, gender identity or expression, religion, national origin, citizenship, handicap or disability, veteran status, marital status or any other basis, and includes claims arising under the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the Employee Retirement Income Security Act of 1974, as amended ("ERISA") subject to the limitations stated in paragraph 6 below, the Fair Labor Standards Act, as amended ("FLSA"), the Family and Medical Leave Act, as amended ("FMLA"), the Americans with Disabilities Act of 1990 ("ADA"), the Equal Pay Act ("EPA"), the Rehabilitation Act of 1973, as amended ("Rehab Act"), the Workers Adjustment and Retraining Notification Act ("WARN"), Executive Order 11246 and claims under any other federal law, and any state or local law.

(b)   I will not file or institute any lawsuit asserting a claim that is waived under paragraph 5(a). If I file a lawsuit, I will pay for all expenses, including reasonable attorneys' fees and costs, incurred by the Releasees in defending against my claim. I agree to pay these expenses within thirty (30) days of receiving a written demand. This subparagraph does not apply to any lawsuit brought for the purpose of pursuing a claim or claims under the ADEA, nor will I be liable to pay attorneys' fees pursuant to this agreement in the event I bring such a lawsuit. However, the waiver and release contained in paragraph 5(a) will remain valid and enforceable with respect to any such claim.

(c)   I waive any remedy or recovery in any proceeding which may be brought against the Releasees on my behalf or otherwise, by any government agency or other person, related to my employment or my termination of employment, or any related events or circumstances.

(d)   I have not assigned or transferred any claim I am releasing, nor have I purported to do so.

6.   I acknowledge that I have no right to receive any separation benefits other than the benefits described in this Release. I understand that my employment with Verizon and any of its

affiliated companies is ending as of the effective date. Thus, if I am currently on a short-term disability leave of absence, I will not be eligible for long-term disability coverage from Verizon due to my termination of employment. Signing this Release, however, does not eliminate my right to receive (or my right to submit an ERISA claim or appeal with respect to) any vested benefits which I may have accrued under pension or savings plans (regardless of type of formula) in which I am a participant, or to receive any other employee benefits for which I am eligible under the express terms of any other employee benefit plans, according to the terms of those plans as they may be amended from time to time. This includes additional benefits for which I may be eligible under the Severance Program, such as:

    a. Coverage for the severance period (as defined in the Severance Program), at the same level of benefits I currently have in company medical, dental, vision and basic life insurance plans;

    b. Outplacement services as specified in the Severance Program;

    c. If I have outstanding Verizon stock options, immediate vesting of these stock options and up to five years (or the original term of the option if less) in which to exercise such options;

    d. If I received a grant of performance stock units (PSUs) and/or restricted stock units (RSUs), eligibility for a payment of such PSUs and RSUs as outlined under the applicable award agreements that I received and executed with the grants and, with respect to the PSUs, subject to the attainment of the applicable performance targets (all terms and conditions of such award agreements will remain in effect and are not superseded by this Release); and

    e. If I participate in the Verizon Incentive Plan ("VIP") or other similar incentive compensation plan, eligibility for a pro-rated incentive award payment, at the regular time for payout of such award payments and subject to all regular criteria for such award payment, including line of business and individual/team performance. I understand that I am not guaranteed to receive any award payment under the VIP or similar incentive compensation plan.

I do acknowledge that I am separating from employment with no right to participate, now or at any future date, in any early retirement or separation or severance plan or practice which will or may be offered in the future. I also understand that I have no right to payments or benefits under any prior separation or severance plan or practices in effect for Verizon, the former Bell Atlantic, the former GTE, or the former MCI.

7. I have returned to the Company all Verizon property, including, for example, files and records (whether on paper or tapes or computer-readable form), proprietary information (as defined in paragraph 8 below), credit cards, employee IDs, computers, cell phones, pagers and office equipment, and if I later find any Verizon property in my possession I promise to return it immediately.

8. I will always keep confidential, and not disclose to anyone or use for any purpose, any proprietary information of Verizon. I understand that "proprietary information" means any information relating to Verizon, including information entrusted to Verizon by others, which is not fully disclosed in writing to the public and which is treated as confidential or protected

*Separation Agreement & Release*
322100065                 7 of 67                 *March 28, 2005*
                                                                             008

within any Verizon company, or is of value to competitors. In addition, I will cooperate with Verizon in protecting and enforcing its proprietary information and other intellectual property. Nothing in this paragraph shall prevent me from providing information or testimony to a governmental body or agency. Nor shall it prevent me from giving testimony in a judicial, administrative, or legislative proceeding. If I am subpoenaed or receive a notice or request to appear as a witness in a proceeding involving the Company, I will promptly notify the Company and give it a copy of the subpoena, notice or request.

9. From the date I receive this Release for review, and for twelve (12) months after I separate from the Company, I will not, without written consent of Verizon, recruit, hire or retain, or assist or induce any person or business in recruiting, hiring or retaining, any active employee of Verizon, or provide names or other information about any employees to any person or business.

10. If I live or work in California, I waive and relinquish all rights afforded by Section 1542 of the California Civil Code which reads as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing this release, which if known by him must have materially affected his settlement with the debtor.

11. If I live or work in West Virginia, I acknowledge that the Company has advised me that the toll free number of the West Virginia Bar Association is 1-866-989-8227.

12. If any part of this Release is determined by any court to be invalid, the validity of the remaining parts will not be affected.

13. I understand and agree that the payment of money and other consideration does not constitute an admission of liability or violation of any applicable law, any contract provision or any other legal theory, rule or regulation, and that Verizon and the Company expressly deny any such liability or violation.

14. I understand that the Severance Program is governed by federal law (ERISA) and that ERISA overrides and pre-empts state law. If not preempted by ERISA or other federal law, the interpretation and enforceability of this Release shall be governed by the laws of the state in which I am working on the date of my separation from service, without regard to that state's conflict of laws rules.

15. I understand that as a matter of prudent business planning, Verizon periodically reviews and evaluates various proposals for changes in compensation and benefit programs, including separation programs. I understand that some of these proposals, if finally approved and implemented, might be more advantageous or less advantageous than this program. I understand that because of the need for confidentiality, such decisions are not discussed or evaluated below the highest level of senior management. I understand that managers, supervisors, and employees below such levels do not know whether Verizon will or will not adopt any such programs and are not in a position to speculate about future programs. I understand that unless and until Verizon formally announces such changes, no one is

authorized to give assurance that such changes will or will not occur. I understand that if I separate from service and receive benefits under this program, Verizon may adopt new or modify existing programs or benefits in the future that may be more or less advantageous to me than this program. I understand that I should not expect or assume that any such new or modified programs or benefits will be extended on a retroactive basis to anyone who separates from service and receives benefits under this program.

16. I will submit this Release to Verizon via facsimile transmission ("fax"). I understand that Verizon intends to store my faxed transmission of this Release in electronic form, rather than printing it and storing it in printed form. I agree that such an electronic form of storage, and any printed copies of that electronic form of storage if Verizon makes any, are original documents just like my printed, signed version of the Release and that they may be used as original documents for any purpose.

17. This Release is the entire agreement between the Company and me. No promises or representations have been made to me other than those in this Release. In deciding to sign this Release, I have not relied on any statement by anyone associated with Verizon that is not contained in this Release. It is not necessary that the Company sign this Release for it to become binding on both me and the Company.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE, FULLY UNDERSTAND WHAT THIS RELEASE MEANS, AND AM SIGNING THIS RELEASE KNOWINGLY AND VOLUNTARILY.

**Once completed, fax this entire document to the Verizon RIF Administration team, at 1-847-883-8245**

Name: DAVID SARGENT

Social Security Number: 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

Personal E-mail address: david.sargent3@verizon.net
(We will notify you by email upon receipt of your signed Release)

Home Telephone Number: 603-749-2482

_____          12/3/2007
Employee's Signature                            Date

STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY                                                SUPERIOR COURT

Docket No. _____

David S. Sargent

v.

Verizon Services Corporation

## ACCEPTANCE OF SERVICE OF WRIT OF SUMMONS

I, Bronwyn L. Roberts, Esquire, hereby accept service of the Writ of Summons, waiving any and all formal requirements with respect to service.

_____9/3/09_____
Date

Bronwyn L. Roberts, Esq.
Duane Morris, LLP
470 Atlantic Ave., Suite 500
Boston, MA 02210-2600
(857) 488-4218