THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| DAVID S. SARGENT | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERIZON SERVICES | ) | |
| CORPORATION., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

TO:   United States District Court
       for the District of New Hampshire

Defendant Verizon Services Corporation ("Defendant") by its undersigned counsel,

Duane Morris LLP, hereby removes this action from the Superior Court of the State of New

Hampshire, Stafford County, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  In support

thereof, Defendant states as follows:

1.      Plaintiff David S. Sargent ("Plaintiff") commenced this action on or about August

28, 2009 in the Superior Court of the State of New Hampshire, Stafford County, by filing a Writ

of Summons and Declaration.

2.      On or about August 31, 2009, Defendant was served with the Writ of Summons

and Declaration in the above matter.  In accordance with 28 U.S.C. § 1446(a), copies of the Writ

of Summons and Declaration are attached hereto as Exhibit A.

3.      The Writ of Summons and Declaration constitute all process, pleadings and orders

served upon the Defendant in this action.

4.      In Count I of the Declaration Plaintiff alleges breach of a Separation Agreement

and demands specific performance under an employee benefit plan sponsored by Defendant.  In

Count II of the Declaration, Plaintiff alleges negligent misrepresentation.  In Count III of the Declaration, Plaintiff alleges violation of the New Hampshire State Wage Statute.  In Court IV of the Declaration, Plaintiff seeks enhanced compensatory damages.  In Count V of the Declaration, Plaintiff alleges unfair business practices.  In Count VI of the Declaration, Plaintiff seeks attorneys' fees.

5.      While not explicit, the claims asserted against the Defendant clearly arise under a "employee benefit plan" governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq*.  Thus federal question jurisdiction applies.  *See* 29 U.S.C. § 1132(e) and (f).

6.      Removal is also proper under the doctrine of field preemption, regardless of whether claims are expressly brought under a federal statute: "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding that plaintiff's state law claims for compensatory damages were preempted by ERISA and properly removed under 28 U.S.C. § 1441(b)).

7.      The Writ of Summons and Declaration, despite what they purport to assert, set forth causes of action for the wrongful denial of benefits based on the terms of an employee benefit plan governed by ERISA.  Therefore, the Writ of Summons and Declaration are properly removed because they seek to enforce a claim or right arising under ERISA.  *See* 28 U.S.C. §1441(b); 29 U.S.C. §1132; and 28 U.S.C. §1331.

8.      Further, the United States District Court for the District of New Hampshire has "diversity" jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Removal is proper under 28 U.S.C. § 1441(b) because:

2

(a)     Upon information and belief, Plaintiff is a citizen of the State of New Hampshire. Plaintiff pleads in his Declaration that he has "at all relevant times been a citizen of New Hampshire."  (Declaration at Count I).

(b)     Defendant is a Delaware corporation with its principal place of business in Virginia.  Because Plaintiff is a citizen of New Hampshire and Defendant is a Delaware corporation, complete diversity exists between Plaintiff and Defendant.

(c)     In his Declaration, Plaintiff alleges that Defendant failed to abide by the terms of a Separation Agreement and provide him with a payment of  0.  Plaintiff also seeks loss of income and enhanced compensatory damages, triple damages, an award of attorneys' fees, and reimbursement of his costs of litigation.  (Declaration at Counts III, IV, V and VI).  Plaintiff has placed no limitation on his prayer for relief.  Thus, upon information and belief, the alleged amount in controversy in this case exceeds $75,000.

9.     Based on the various types of damages and costs that Plaintiff seeks with his Writ of Summons and Declaration, as well as the number and variety of claims that he has asserted, it is apparent that the alleged amount in controversy exceeds the minimum jurisdictional amount required under 28 U.S.C. § 1332.  In addition, First Circuit precedent makes clear that a plaintiff's request for attorneys' fees can be considered in determining whether the amount in controversy has been satisfied under two circumstances:  (1) where the fees are provided for by contract and (2) where a statute mandates or allows the payment of such fees.  *See Department of Recreation and Sports of Puerto Rico v. World Boxing Assoc.*, 942 F.2d 84, 89-90 (1st Cir. 1991); *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

10.     Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which this action is based.

3

11.     Venue is proper in the United States District Court for the District of New Hampshire under 28 U.S.C. 1391 because the Writ of Summons and Declaration were filed in the Superior Court of the State of New Hampshire, Stafford County.

12.     Defendant is filing a copy of this notice with the Superior Court of the State of New Hampshire, Stafford County, as required by 28 U.S.C. § 1446(d).

13.     In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

14.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1446.   The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available, including Exhibit A hereto.

15.     Based on the foregoing, Defendant has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332 and 29 U.S.C. §1132, and that this action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

DM1\1885382.1

WHEREFORE, Defendant Verizon Services Corporation respectfully requests that this action, currently pending in the Superior Court of the State of New Hampshire, Stafford County be removed to the United States District Court for the District of New Hampshire.

DATED:  September 10, 2009                    Respectfully submitted,

                                             /s/ Bronwyn L. Roberts
                                             Bronwyn L. Roberts (#17157)
                                             DUANE MORRIS LLP
                                             470 Atlantic Avenue
                                             Suite 500
                                             Boston, MA  02210
                                             857.488.4200 (telephone)
                                             857.401.3019 (facsimile)
                                             blroberts@duanemorris.com
                                             (Petition pending)

## CERTIFICATE OF SERVICE

I, Bronwyn L. Roberts, Esquire, hereby certify that on this 10 day of September, 2009, a true and correct copy of the foregoing Notice of Removal was served via first class mail, postage prepaid upon counsel of record as follows:

        David P. Slawsky, Esquire
        Nixon, Raiche, Vogelman, Barney & Slawsky, P.A.
        77 Central Street
        Manchester, NH  03101

                                             /s/ Bronwyn L. Roberts
                                             Bronwyn L. Roberts