UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

David S. Sargent

    v.

                                No. 09-cv-310-SM
                             **JURY TRIAL DEMANDED**

Verizon Services Corporation

## AMENDED COMPLAINT

Plaintiff David S. Sargent complains against Verizon Services Corporation as set forth below.

### I.  Introduction

1.      This case was initiated in New Hampshire Superior Court asserting a variety of common law causes of action, and removed to this Court by defendant which maintains that the case must be processed under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA). The Court has agreed with the defendant that this case is subject to ERISA review, and this Complaint is submitted in accordance with the Court's instruction in that regard. Plaintiff does not waive its contention that the dispute is not subject to ERISA. *See* plaintiff's Motion for Partial Summary Judgment.

2.      The essence of the claim is Mr. Sargent's claim that he is entitled to recover benefits promised by Verizon under a so-called Verizon Severance Plan for Management Employees.

## II.  Jurisdiction

3.      This Court has jurisdiction over the claim pursuant to 42 U.S.C. § 1332 as plaintiff has at all relevant times been a citizen of New Hampshire and the corporate defendant asserts that it is a citizen of Delaware.

4.      The defendant also asserts jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), and the related jurisdictional statute, 42 U.S.C. § 1331.

## III.  Parties

5.      Plaintiff David S. Sargent has at all relevant times been a citizen of New Hampshire with an address at 9 Cherokee Street, Dover  03820.

6.      Defendant Verizon Services Corporation has at all relevant times been a citizen of Delaware with a principal place of business at 1310 North Court House Road, Arlington, Virginia  22201.

## IV.  Factual Allegations

7.      Plaintiff David S. Sargent was employed by Verizon for 29-½ years.

8.      In October 2007, Verizon asked for volunteers to leave under a RIF.  After careful examination of all the facts and his options under the RIF, Mr. Sargent volunteered for the RIF.

9.      On November 29, 2007, Mr. Sargent received a Notification Letter informing him that he was in the "redeployment period of a reduction in force (RIF)." The Notification Letter informed him that if he was not placed in a position in a Verizon company within 30 days, he would be "separated from payroll on December 28, 2007." A Separation Agreement was enclosed with the Notification Letter.  Verizon also gave

Mr. Sargent an instruction packet regarding his retirement benefits and how to properly complete and submit the retirement paperwork.

10.     The RIF Separation Agreement contained specific instructions about what the employee had to do to make the agreement binding between himself and Verizon. The employee was required to sign the Separation Agreement and transmit it by fax.  The Agreement also specified that it was not necessary that Verizon sign the document for it to become binding on both Mr. Sargent and Verizon.  Mr. Sargent executed the Separation Agreement and faxed it to Verizon in the manner directed on December 3, 2007.  On the same day, he also submitted his retirement paperwork in anticipation of leaving his employment with Verizon on December 28, 2007.

11.     On December 6, 2007, three days after the Separation Agreement became binding on Verizon, the company sent a written acknowledgment to Mr. Sargent that it had received the executed Separation Agreement and was processing it.  Specifically, the Acknowledgment noted that Verizon had "received [Mr. Sargent's] Separation Agreement & Release and [Mr. Sargent's] Vacation Buy-Out Form and validated [Mr. Sargent's] elections."  The Acknowledgment also confirmed that Mr. Sargent's "paperwork had been received, and was completed properly" and that "there was no need to…follow-up to validate that [Mr. Sargent's paperwork had] been received."

12.     In connection with the sale of Verizon assets in Maine, New Hampshire, and Vermont to FairPoint, the companies had agreed that no Verizon employee could work for FairPoint for 6 months after leaving Verizon.  However, employees who were part of a RIF were not subject to this non-compete agreement.  After Mr. Sargent submitted his RIF and retirement paperwork, he began discussions with FairPoint about a

new job with them because, as a RIF employee, he was not subject to the non-compete

requirement.

13.     On December 7, 2007, the day <u>after</u> Verizon transmitted the

Acknowledgment, and four days after the Agreement became binding on Verizon,

Michael Russo of Verizon HR, <u>verbally</u> informed Mr. Sargent that Verizon had decided

to rescind Mr. Sargent's RIF.  When Verizon allegedly rescinded the RIF, Mr. Sargent

had been in the process of finalizing a valid job offer from FairPoint.  Because the job

would have commenced on January 1, 2008, Mr. Sargent would not have had any loss of

income.  However, because Verizon insisted on enforcing the non-compete agreement,

Mr. Sargent could not move to that job when he retired, and he had an $8,500 loss of

income as a direct result.

14.     In 2006, when Verizon first announced the potential sale to FairPoint,

Verizon determined which jobs would stay at Verizon, and which would transfer to

FairPoint.  The decision involved whether a job was "national" or state specific to Maine,

New Hampshire or Vermont.  If the work was classified as "national," then the job stayed

with Verizon.  Mr. Sargent and another employee in the same building and in the same

work group did the same work.  Both jobs were designated "national" and thus were

slated to stay with Verizon.

15.     On December 13, 2007, Mr. Sargent received a letter announcing the

cancellation of his RIF.  Mr. Russo's letter also noted that Mr. Sargent's "position had

been identified to go with FRP at the conclusion of the transaction" between Verizon and

FairPoint.  This was the first time since the RIF was discussed in October, 2007, that Mr.

Sargent had received any notice that his "position had been identified to go with FRP at

the conclusion of the transaction." It was also the first time since the beginning of discussions of the sale that the position had been identified as being transferred. Surprisingly, another employee's job, which was identical to Mr. Sargent's, was not subject to transfer to FairPoint.

16.     Ironically, the other employee did exactly the same job as Mr. Sargent and was retained at Verizon because the job was considered to be "national" rather than a state job that would transfer to FairPoint.  In May, 2008, Verizon notified her of her RIF, which occurred on June 13.  After the RIF, she went to work for FairPoint in July. Verizon did not retain her job as "national" and did not enforce a non-compete.

17.     During the 30 days following Mr. Sargent's receipt of the November 29 Notification Letter, Mr. Sargent was not placed in another position in a Verizon company.  He contacted numerous supervisory personnel in an effort to resolve his issues concerning the rescission of the RIF.  These included his own supervisor, Louis Agro, Director Regulatory Plans, Jeffrey A. Masoner, Vice President Regulatory and Contracts, Human Resources Director Mike Russo, and Virginia Ruesterholz, President of Telecom in this regard.  In short, he made numerous internal requests to try to have Verizon correct its error.  When those attempts failed, he then asked for a waiver of the non-compete agreement, which Verizon refused to grant.  Mr. Sargent retired as of December 28, 2007.

18.     On May 16, 2008, Mr. Sargent filed his Claim Initiation Form with the Verizon Claim Review Unit.  Mr. Sargent received the denial on November 17, 2008.

19.     Administrative appeals have all been rejected, and this case is ripe for review in this Court.

20.     Defendant did not act in good faith, reasonably, and with due care and prudence according to its own policy.

21.     The rescinding of the severance package was arbitrary and capricious.

22.     Plaintiff is entitled to favorable review by this Court and a decision compelling the defendant to pay the promised severance benefit.

23.     Pursuant to 29 U.S.C. § 1132(g)(1), Mr. Sargent is entitled to an award of his attorney's fees and costs incurred in connection with this claim.

24.     As an alternative, and to be sure to preserve the issue for appeal, Mr. Sargent incorporates by this reference the claims asserted in the original action filed in Strafford County, New Hampshire, Superior Court, asserting rights to recover under theories of breach of contract/specific performance, negligent misrepresentation, violation of the New Hampshire wage claim statute, violation of the New Hampshire consumer protection statute, and stating claims for the recovery of enhanced compensatory damages and attorney's fees.

## VI.  Prayers for Relief

WHEREFORE, plaintiff David S. Sargent respectfully requests that the Court will provide the following relief:

A.      Order the defendant to honor its promise to make payment of the severance benefit;

B.      Award costs and attorney's fees;

C.      Award pre-judgment and post-judgment interest;

D.      Award such other and further damages as allowed by state and federal law, including consequential damages resulting from the rescinding of the severance agreement;

E.      Schedule a jury trial to adjudicate the claims asserted in the state court action; and

F.      Order such other and further relief as justice requires.

Respectfully submitted,

David S. Sargent
By His Attorneys,

NIXON, RAICHE, VOGELMAN, BARRY
& SLAWSKY, P.A.

Dated:  March 23, 2010        By:     \s\ David P. Slawsky
77 Central Street
Manchester, NH 03101
(603) 669-7070
NH Bar #6591

<u>CERTIFICATION</u>

I hereby certify that this document will be filed through the ECF System, and that it is my understanding that the document will be forwarded electronically to the registered participants as identified on the Notice of Electronic Filing and the Court's ECF process.

\s\ David P. Slawsky_____

8